KAMER ZUCKER ABBOTT
Scott M. Abbott     #4500
Jen J. Sarafina    #9679
Nicole A. Young    #13423
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel:  (702) 259-8640
Fax:  (702) 259-8646
sabbott@kzalaw.com
jsarafina@kzalaw.com
nyoung@kzalaw.com

Attorneys for Defendant
Wynn Las Vegas, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELENA MOIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, a Nevada Limited Liability Company,<br><br>　　　　Defendant. | Case No. 2:15-cv-00143-APG-NJK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>As amended, page 3. |

This matter comes before the Court on the parties' Stipulated Protective Order Concerning Confidential Information pursuant to Federal Rule of Civil Procedure 26(c). Being fully appraised of the premises, the Court orders the following:

I.  **PURPOSES AND LIMITATIONS.**

Discovery in this action may involve the production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to entry of the following Protective Order. It does not confer blanket protection on all disclosures or responses to discovery. Except for the documents listed in Section II – "CONFIDENTIAL" MATERIAL, this Order does not apply retroactively to any documents produced prior to entry of this Order whether those documents were disclosed by Plaintiff or

Defendant. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. "CONFIDENTIAL" MATERIAL.

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: records reflecting medical conditions or treatments of any current or former employees of Defendant, including Plaintiff; the personnel records of persons who are not parties to this lawsuit; financial and proprietary documents of Defendant, and financial and proprietary documents of Plaintiff not in the public domain or subject to public disclosure; and investigation files into situations involving employees or former employees of Defendant, not parties to this action and not involving Plaintiff.

The parties will meet and confer as to any other documents, or class of documents which a party believes should be designated as "Confidential" to attempt to reach a consensus as to further stipulation.

## III. SCOPE.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

## IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL.

### A. Basic Principles.

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories

of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

 B. **Disclosure of "CONFIDENTIAL" Material.**

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

1. attorneys actively working on this case;
2. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
3. the parties, including designated representatives for the Defendant;
4. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
5. the Court and its employees ("Court Personnel");
6. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
7. deponents, witnesses, or potential witnesses; and
8. other persons by written agreement of the parties.

 C. **Filing Confidential Material.** See order issued concurrently herewith.

~~Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Rule 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.~~

KAMER ZUCKER ABBOTT Attorneys at Law
3000 West Charleston Boulevard, Suite 3 · Las Vegas, NV 89102 · (702) 259-8640

Page 3 of 7

## V. DESIGNATING CONFIDENTIAL MATERIAL.

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, and the designating party agrees that the designation was made erroneously, the parties shall follow Section 6 of this Protective Order regarding the procedures of challenging the designation(s) to resolve the challenge.

### B. Manner and Timing of Designations.

Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1. Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits), but excluding transcripts of depositions or other pretrial or trial proceedings); the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portions(s) (*e.g.*, by making appropriate markings in the margins).

2. Testimony given in deposition or in other pretrial or trial proceedings: It shall be presumed that any confidential material that is referred to, or marked as an exhibit, during any deposition shall remain confidential material. Any party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript or exhibits thereto as confidential material.

3. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

C. **Inadvertent Failures to Designate.**

If corrected within 10 business days of production or disclosure, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon notification within 10 business days of the correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

VI. **CHALLENGING CONFIDENTIAL DESIGNATIONS.**

A. **Timing of Challenges.**

Any party may challenge a designation of confidentiality within 15 business days after the original designation is disclosed. The parties may agree to extend the review time for challenges.

B. **Meet and Confer.**

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith effort to meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner,

and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

### C. Judicial Intervention.

If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Rule 26-7 (and in compliance with Local Rule 10-5 if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## VII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

## VIII. NONTERMINATION AND RETURN OF DOCUMENTS.

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

1 work product, and other discovery, to be retained for purposes of effectuating any judgment, or
2 to be retained by either party as part of the complete client file.

3     The confidentiality obligations imposed by this agreement shall remain in effect until a
4 designating party agrees otherwise in writing or the court orders otherwise.

Dated this 6th day of July, 2015.        Dated this 6th day of July, 2015.

KEMP & KEMP        KAMER ZUCKER ABBOTT

By: /s/ Victoria L. Neal        By: /s/ Nicole A. Young
    James P. Kemp  #6375        Scott M. Abbott  #4500
    Victoria L. Neal  #13382       Jen J. Sarafina  #9679
    7435 West Azure Drive, Suite 110      Nicole A. Young  #13423
    Las Vegas, Nevada 89130        3000 West Charleston Blvd., Suite 3
    Telephone: (702) 258-1183        Las Vegas, Nevada 89102
    Facsimile: (702) 258-6983        Telephone: (702) 259-8640
                        Facsimile: (702) 259-8646

Attorneys for Plaintiff        Attorneys for Defendant
                      Wynn Las Vegas, LLC

## ORDER

IT IS SO ORDERED:

Dated: July 6, 2015        _____

                UNITED STATES MAGISTRATE JUDGE